**STATE**

v.

**Lawrence W. HOULE.**

No. 93–72–C.A.

Supreme Court of Rhode Island.

Dec. 8, 1993.

Jeffrey Pine, Atty. Gen., Aaron Weisman, Asst. Atty. Gen., Lauren Sandler Zurier, Sp. Asst. Atty. Gen., for plaintiff.

Lauren D. Wilkens, Rappoport, Audette, Bazar & Farley, East Providence, for defendant.

## OPINION

**PER CURIAM.**

This case came before the court for oral argument November 2, 1993, pursuant to an order that had directed the state to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.

After hearing expert testimony concerning the factual question of when a target pistol would be considered "broken down," an affirmative defense to a charge of possession of a gun without a license, the trial justice determined that she could not formulate an appropriate instruction to the jury and passed the case. The defendant, Lawrence W. Houle, now claims that this declaration of a mistrial was a violation of the principles of double jeopardy set forth in *State v. Torres,* 524 A.2d 1120 (R.I.1987). Our cases are based upon federal standards set forth in *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971) (plurality opinion), and further expounded in *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). The principle enunciated in all these cases is that declaration of a mistrial without the consent of the defendant in the absence of imperious or manifest necessity violates the valued right of the defendant to have his trial completed by the tribunal originally summoned to hear his case. *Downum v. United States,* 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100 (1963). In the case at bar the defendant was not asked for his consent, nor did he give it. We are of the opinion that the facts of this case do not set forth manifest necessity as required to justify the declaration of a mistrial. *See Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978).

Consequently we hold that the declaration of a mistrial without the consent of the defendant and in the absence of a showing of manifest necessity must bar a retrial under the principles of double jeopardy. Therefore, the defendant's appeal is sustained. The papers in the case are remanded to the Superior Court with direction to dismiss the information.